UNITED STATES BANKRUPTCY
COURT DISTRICT OF NEW JERSEY

**Caption in Compliance with D.N.J. LBR 9004-1(b)**

Carrie J. Boyle, Esq.
Boyle & Valenti Law, P.C
1940 Route 70 East, Suite 4
Cherry Hill, NJ 08003
(856) 499-3335
cboyle@b-vlaw.com
*Attorneys for the Debtor*

| | |
|---|---|
| In Re:<br><br> Taron La Marr Davis<br><br>           Debtor. | Case No.: 25-17063<br><br>Judge: JNP<br><br>Chapter: 13<br><br>Hearing Date: April 2, 2026 at 2:00PM |

**FIRST APPLICATION FOR COMPENSATION & REIMBURSEMENT OF EXPENSES
OF BOYLE & VALENTI LAW, P.C., COUNSEL TO THE DEBTOR, FOR THE PERIOD
JULY 7, 2025 -FEBRUARY 20, 2026**

**TO:    THE HONORABLE JUDGE JERROLD N. POSLUSNY, JR., U.S. BANKRUPTCY
        JUDGE:**

Boyle & Valenti Law, P.C. (the "Applicant"), as counsel for Taron La Marr Davis and Barbara J. Tucci (the "Debtor"), in accordance with Federal Rule of Bankruptcy Procedure 2016 and Local Bankruptcy Rule 2016-1, requests compensation and reimbursement of actual, necessary expenses, and in support thereof represents as follows:

**PART A: Preliminary Statement**

1.      Applicant is counsel for the Debtor.

2.      On July 3, 2025 (the "Petition Date"), Applicant filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on behalf of the Debtor [Docket No. 1].

1

3.      Attached to the Petition, Applicant filed the D.N.J. LBR form 2016 setting forth that under D.N.J. LBR 2016-5(c), Applicant elected to charge the Debtor for legal services hourly as opposed to electing a non-look flat fee [Docket No. 1]. Attached as **Exhibit "A"**, please find the Amended Disclosure of Chapter 13 Debtor's Attorney Compensation (the "Form 2016").

4.      Applicant has not filed any previous applications for compensation and reimbursement of expenses in this case.

5.      The pre-petition fees and expenses that were incurred are $1,452.50 in fees and $358.00 in expenses, for a total of $1,810.50.

6.      The Debtor paid Applicant a pre-petition retainer in the amount of $600.00 for legal fees and costs which was applied to the pre-petition fees and expenses, and transferred from debtors trust, leaving a balance due of $1,210.50 A copy of the pre-petition invoice detailing these expenses, fees is attached hereto at **Exhibit "B"**.

7.      Since the Petition Date, Applicant rendered a variety of services for Debtor, detailed in **Part C: Billing Summary** and attached hereto at **Exhibit "C".**

8.      Applicant rendered all services and incurred all expenses for which it requests compensation or reimbursement for or on behalf of the Debtor.

9.      The services described in this Application are actual, necessary services and the compensation requested for those services is reasonable.

10.     The compensation and reimbursement of expenses being requested represent a Chapter 13 Administrative Claim.

11.     The Applicant has no agreement, directly or indirectly, and no understanding exists in any form or guise with any person for a division of the compensation herein requested.

12.     This fee application is for services rendered and expenses incurred for the period from July 7, 2025 – February 20, 2026, as follows:

**Period: July 7, 2025 – February 20, 2026**

|  | Requested |
| --- | --- |
| Pre-Petition Fees (unpaid) | $1,210.50 |
| Post-Petition Fees | $4,397.50 |
| Expenses | $   50.15 |
| Total | $5,658.15 |

## PART B: General Information

1.     **General Information:**

A.  Date case filed: July 7, 2025

B.  Chapter 13 plan confirmed: February 18, 2026

C.  First date services rendered in the case: June 6, 2025

D.  Compensation requested is under §330.

E.  Any fees awarded will be paid by the estate.

2.     **Attorney Billing for Current Period**

| NAME OF PROFESSIONAL | ADMITTED | HOURS | RATE | TOTAL |
| --- | --- | --- | --- | --- |
| Carrie J. Boyle ("CJB") | 2008 | 9.7 | $300.00 | $2910.00 |

3.     **Paralegal Services for Current Period**

| NAME OF PROFESSIONAL | HOURS | RATE | TOTAL |
| --- | --- | --- | --- |
| Crystal Rogan ("CR") | 7.1 | $125.00 | $887.50 |
| June Pryor ("JP") | 4.8 | $125.00 | $600.00 |

4.     **Billing Rates**

The billing rates set forth in this application are the normal hourly rates charged by Applicant for the services rendered.

3

**PART C: Billing Summary**

1.      On July 7, 2025, (the "Petition Date"), Applicant filed a voluntary petition for relief under Chapter 13 of the Bankruptcy Code on behalf of Debtor.

2.      Also, on the Petition Date Applicant filed a Chapter 13 Plan.

3.      Upon the filing of the Debtor's case, Applicant's office worked with Debtor's auto lender to get Debtor's repossessed vehicle returned to him.

4.      On July 8, 2026, Applicant filed an Amended Compensation Statement.

5.      On July 18, 2025, Applicant filed Amended Schedules E/F.

6.      On December 5, 2025, Applicant filed a Pre-Confirmation Certification of Compliance with Post Petition Obligations.

7.      On January 19, 2026, Applicant filed Amended Schedules I/J.

8.      On January 19, 2026, Applicant filed a First Modified Chapter 13 Plan (the "Plan").

9.      The Chapter 13 Plan was confirmed by the court on February 18, 2026.

10.     Throughout the course of the Debtor's case, Applicant communicated with the Chapter 13 Trustee's Office and Creditors to be able to confirm Debtors' case.

11.     Throughout the course of the Debtors' case Applicant engage in copious amount of correspondence with the Debtors and Debtor's landlord to ensure he continues to have a place to reside.

12.     Applicant also worked with Debtor to obtain grants through the New Jersey Bankruptcy Lawyers Foundation's New Beginnings program to assist with his rent payment.

13.     Applicant requests compensation of the remaining un-paid pre-petition fees in the amount of $1,210.50, post-petition fees in the amount of $4,397.50 and expenses in the amount of $50.15 for a total of $5,658.15 allowable fees and expenses (100% of allowable fees and expenses).

14.     Applicant's time and expenses are detailed in the attached **Exhibit "C."**

Respectfully submitted,

**Boyle & Valenti Law, P.C.**
Attorneys for the Debtor

Dated:  February 20, 2026        By:/s/Carrie J. Boyle
Carrie J. Boyle, Esquire